UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                                                    CRIMINAL ACTION NO. 3:09CR-57-S

RICHARD GILBERT                                                                              DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the court on motions of the defendant, Richard Gilbert, to dismiss both counts of the indictment (DNs 22, 23). Gilbert seeks dismissal of Count 1 for improper venue (DN 22). He seeks dismissal of Count 2 for improper venue, failure to allege a violation of law, and failure to obtain an indictment within the applicable limitations period (DN 23).

An indictment was returned against Gilbert on April 7, 2009, charging him with tax evasion (Count 1) and endeavoring to impede the administration of the Internal Revenue Code (Count 2). The indictment alleges that Gilbert was assessed income taxes for the calendar years 1999 through 2001 after he failed to file returns for those years. The indictment also alleges that Gilbert has failed to file returns for the years after 2002 and has endeavored to impede the collection of the assessed amounts or any future taxes.

Count 1 charges Gilbert with attempting to evade payment of the taxes assessed against him, in violation of 26 U.S.C. § 7201. The count recites, among other acts, that in September of 2001, he titled his home in the name of "Electra 225," purportedly to conceal ownership and control of his assets. It is charged that in January of 2002, Gilbert stopped accepting check payments from insurance companies in his chiropractic business allegedly to avoid IRS 1099 forms from being filed in his name. He allegedly executed and mailed various fraudulent documents to the Internal Revenue Service ("IRS") in an attempt to evade payment of taxes. He is alleged to have falsely told

an IRS agent in 2006 that he did not maintain any bank accounts and that his chiropractic business dealt only in cash when, in fact, he allegedly had multiple accounts he was attempting to conceal.

Gilbert contends that venue is improper in the Western District of Kentucky with respect to Count 1. He focuses on the places identified in 26 U.S.C. § 6091(b)(1)(A) for filing income tax returns, urging that, after the 2000 effective date of the Restructuring and Reform Act of 1998, there are no internal revenue district director's offices or service centers which serve internal revenue districts. Gilbert contends that venue is therefore improper in this district, or anywhere, as there are no internal revenue districts where he would have been required by law "to make or file anything with a non-existent person in a non-existent location." Motion to Dismiss Count One, p. 2. This argument does not impair venue for trial of the tax evasion charge, however. Rather, Gilbert appears to take issue with the tax assessments which were levied against him for failing to file returns which he contends were not required by law.

The United States must prove proper venue in a criminal case by a preponderance of the evidence. *United States v. Netz*, 758 F.2d 1308, 1312 (8th Cir. 1985). Gilbert is charged in Count 1 with attempting to evade and defeat the payment of income tax, in violation of 26 U.S.C. § 7201. As explained in *United States v. Marchant*, 774 F.2d 888, 891 (8th Cir. 1985), a violation of section 7201 is considered a continuing offense:

> The crime of wilfully attempting to evade or defeat tax liability is completed when the taxpayer files the tax return with the Internal Revenue Service. *See United States v. Habig*, 390 U.S. 222, 223, 88 S.Ct. 926, 927, 19 L.Ed.2d 1055 (1968). Obviously, the taxpayer cannot file the return until it is prepared, signed, and mailed. These preliminary steps often occur in districts other than that in which the taxpayer files the return. In such cases, courts recognize that the violation of section 7201 is a "continuing offense," and the Government can prosecute the taxpayer in the district where the return was prepared, signed, mailed, or filed. [citations omitted]...Marchant therefore propelled a force into the Eastern District as surely as had he personally prepared the returns in that district. Although Marchant's violation of section 7201 was completed in another district, it was set in play within the Eastern District. Consequently, it was a "continuing offense," and under 18 U.S.C. § 3237(a), venue was properly the Eastern District.

As the *Marchant* case makes clear, any act committed in the Western District of Kentucky which constitutes a step in the commission of tax evasion is sufficient to lay venue in this district. The indictment recites various acts which allegedly occurred in the Western District, including allegations that Gilbert purchased real estate in the name of "Electra 225" and made false statements to an IRS officer concerning bank accounts and assets in order to avoid paying tax assessments. He is also alleged to have prepared and mailed various false documents to the IRS. Count 1 charges that these purported acts of tax evasion occurred in the Western District of Kentucky, in LaRue County.

Gilbert urges that in order to find a continuing offense, the United States must show that the offense was begun in one district and completed in another. He contends that the alleged crime could not have begun anywhere as he was not required by law to file IRS forms in any district. Reply Brief, p. 2. Again, this argument focuses on whether taxes were properly assessed against Gilbert for the years in which he allegedly failed to file returns. The location for filing returns has no bearing on the question of whether he has been properly charged in this district. The question is whether he is alleged to have committed acts of tax evasion in the Western District of Kentucky. If the alleged § 7201 violation began in the Western District of Kentucky, venue is proper here. If the alleged violation began anywhere else, but an act of evasion occurred in this district, venue is also proper here. Therefore, as the indictment contains allegations concerning acts of evasion allegedly committed in the Western District of Kentucky, we will deny Gilbert's motion to dismiss Count 1 for lack of venue.

Gilbert contends that venue in this court is improper as to Count 2 on two grounds. First, he contends that because no internal revenue districts or service centers existed after 2000, there was "no official position" to collect taxes. Motion to Dismiss Count Two, p. 7. Again, as with Count 1, the "no internal revenue district" argument does not impair venue for trial on the charge of endeavoring to obstruct or impede the due administration of the tax laws. It is Gilbert's alleged acts

which establish venue in this district. He is alleged, among other acts, to have prepared and mailed various fraudulent documents to the IRS and to have made false statements to an IRS officer in LaRue County. Thus there are ample allegations of conduct purportedly having occurred in the Western District of Kentucky.

Gilbert urges that Count 2 fails to charge a § 7212(a) violation because there was no pending IRS action at the time of the alleged obstructive acts. He also urges that there could not be any act of "impeding the IRS" until there was receipt of the items which he allegedly mailed. The most recent guidance from the Sixth Circuit indicates that an IRS action is not required. *See, United States v. Bowman*, 173 F.3d 595 600 (6th Cir. 1999)("Bowman wilfully and knowingly filed false information on his 1099 and 1096 forms, and these filings had a direct impact on the administration of the agency's duties...The filing of false tax forms is not legal when undertaken; it is not speculative; it is specifically designed to cause a particular action on the part of the IRS."). Further, the "[m]ateriality of a statement turns on whether the statement, or form in this case, has the capacity to influence a government agency's action." *United States v. Rosnow*, 977 F.2d 399 (8th Cir. 1992), *citing, United States v. Richmond*, 700 F.2d 1183, 1188 (8th Cir. 1983). Gilbert is charged with endeavoring to obstruct or impede the collection of taxes. The indictment recites various actions allegedly taken by Gilbert to thwart such collection, including the purported creation of various falsified documents designed to falsely indicate that he had no received income in certain years, and, with respect to past due taxes, that the delinquent amounts were to be charged to a Private UCC Contract Trust Account which did not exist. The indictment properly states a violation of § 7212(a).

Gilbert contends that Count 2 should be dismissed for violation of the three-year statute of limitations. However, the applicable statute of limitations for a § 7212(a) charge is six years. *United States v. Wilson*, 118 F.3d 228, 236 (4th Cir. 1997); *United States v. Workinger*, 90 F.3d 1409, 1414 (9th Cir. 1996).

Finally with respect to Gilbert's request for application of the rule of lenity, we do not find any substance in his argument that dismissal is warranted because he was not required by law to file returns and that there was no law that he could endeavor to impede. Reply Brief, p. 8.

For the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motions of the defendant, Richard Gilbert, to dismiss the indictment (DNs 22, 23) are **DENIED.**

**IT IS SO ORDERED.**

July 29, 2009

**Charles R. Simpson III, Judge**
**United States District Court**