UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

v.   CRIMINAL ACTION NO. 3:09CR-57-S

*Electronically Filed*

RICHARD GILBERT

## UNITED STATES' PRETRIAL MEMORANDUM

The United States submits the following Pretrial Memorandum in the above-styled criminal case.

I.   Statute Involved and Elements of the Offense

Defendant Richard Gilbert is charged in Count 1 of the Superseding Indictment with evasion of payment of federal incomes, in violation of Title 26, United States Code, Section 7201. To establish a Title 26, Section 7201, offense, the government must prove the following elements beyond a reasonable doubt:

1. A validly assessed tax deficiency;

2. The defendant acted willfully; and

3. The defendant committed at least one affirmative act of evasion.

*See United States v. Hook*, 781 F.2d 116 (6th Cir. 1986).

Gilbert is charged in Count 2 of the Superseding Indictment with endeavoring to impede the Internal Revenue Service, in violation of Title 26, United States Code, Section 7212(a). To establish a Title 26, Section 7212(a), offense, the government must prove the following elements beyond a reasonable doubt:

1. The defendant in any way corruptly;

2. Endeavored to; and

3. Obstruct or impede the due administration of the Internal Revenue Laws.

*See United States v. Bowman*, 173 F.3d 595, 600 (6th Cir. 1999); *United States v. Kassouf*, 144 F.3d 952, 957 (6th Cir. 1998).

II. Statement of Facts

In 2001, Richard Gilbert lived in Washington State and worked as a chiropractor. As part of his practice, Gilbert received IRS Form 1099's from insurance companies that issued him payments for performing his chiropractic services. The IRS discovered in early 2001 that Gilbert did not filed a tax return for 1999 and 2000. In addition, IRS had received a number of Form 1099's issued to Gilbert showing he had received payments from insurance companies for his chiropractic services. Consequently, in January 2001 the IRS sent a letter to Gilbert notifying him that the IRS did not receive his 1999 and 2000 tax returns. The letter requested that Gilbert respond. Gilbert never responded, in a legitimate way, to this letter and the IRS assessed his 1999 and 2000 federal income taxes, based solely on the Form 1099's received by the IRS. He was formally assessed, on June 23, 2003, in the amount of $128,479.17 for amounts owed for 1999 and 2000. In addition , during the attempted collection of the 1999 and 2000 federal income taxes the IRS determined that Gilbert did not file his returns for the years following 2000. On May 7, 2007, the IRS assessed him for additional taxes owed for 2001, 2002, and 2003. To date, he has not filed a federal income tax return since 1998.

Beginning in early 2001, Gilbert lied to IRS employees, concealed his income and assets from the IRS, mailed fraudulent financial instruments to the IRS to attempt to falsely settle his tax liabilities, mailed threatening and false letters to IRS and state officials, and mailed false letters to IRS employees attempting to remove his tax assessment. These actions are detailed in

the Superseding Indictment and make up the affirmative acts of evasion and corrupt acts to impede the IRS.

From 2000, Gilbert has maintained that the United States's laws do not apply to him and that he is not required to pay federal income taxes. The IRS, however, has explicitly told him that this is not the case. In addition, Gilbert challenged the authority of an IRS summons issued in 2004. The result of his challenge was that a Federal Magistrate Judge advised him on the record and in a lengthy memorandum opinion dated September 29, 2005, that his views were unfounded and that he must comply with the law. Even following this hearing and order, Gilbert continued to, among other things, conceal his assets from the IRS and to mail bogus documents to the IRS. Especially troubling was that after this hearing Gilbert lied to the IRS Revenue Agent that originally served him the summons when he falsely stated that he had no active bank accounts at that time. When in truth he had a E Trade securities account with a balance of approximately $150,000. The account was in the name of "Electra 225." Gilbert also used the same name, "Electra 225," to conceal the ownership of his residence from the IRS.

The investigation also determined that Gilbert joined an organization known as ARL in 2000. ARL was an organization based in Florida and its founders and operators have since been prosecuted for various tax related charges. ARL provided individuals with resources to harass the IRS and to fraudulently avoid paying federal income taxes. In addition, a search warrant, unrelated to this case, was executed on ARL and the seized records included Gilbert's file. Gilbert appears to have joined ARL as a client sometime in 2000. Many of the fraudulent documents Gilbert sent to the IRS appear to have been provided to him by ARL. The records of ARL, however, also indicate that Gilbert had not filed his taxes and had filed a bogus amended

return for 1996 prior to joining ARL.  In addition, ARL mailed a letter to Gilbert stating that ARL was not permitted to represent him and that his expressed views were not in accordance with federal tax law.  Following these letters he still continued harass the IRS, conceal his assets, and send bogus documents to the IRS.

   III. Substantive Issues of Law

A panel of the Sixth Circuit has held that obstruction of the IRS "requires some pending IRS action of which the defendant was aware." *United States v. Kassouf*, 144 F.3d 952, 957 (6th Cir. 1998).  This pending action "may include, but is not limited to, subpoenas, audits or criminal tax investigations." *Id.* at 957 n.2.  However, in a later decision, the Sixth Circuit limited *Kassouf* "to its precise holding and facts" and upheld an omnibus clause conviction of a defendant who filed false Forms 1099 and 1096, although there was no pending IRS action. *United States v. Bowman*, 173 F.3d 595, 600 (6th Cir. 1999).  The Ninth Circuit has held that there is no requirement that the defendant was aware of an ongoing tax investigation.  *United States v. Massey*, 419 F.3d 1008, 1010 (9th Cir. 2005) (citing *United States v. Kuball*, 976 F.2d 529, 531 (9th Cir. 1992)); see also *United States v. Armstrong*, 974 F. Supp. 528, 536 (E.D. Va. 1997) (specifically rejecting holding in *Kassouf*).  While this issue remains unsettled, it should not be an issue in this case.  Gilbert was made aware in early 2001 that the IRS was looking at his failure to file his 1999 and 2000 federal income tax returns.  From that point forward, Gilbert took a number of actions to impede the IRS of the assessment and later the collection of his federal income taxes.

   IV. Evidentiary Issues

None anticipated at this time.

V. Other Trial Problems

The United States previously filed a motion in limine requesting the Court limit Gilbert's "tax defier" arguments.

VI. Proposed Voir Dire Questions

1.      No one enjoys paying taxes. Notwithstanding that fact, is there anyone on the panel who has had a really good or bad experience in recent years with the Internal Revenue Service?

2.      The Internal Revenue Service has, during recent years, received a considerable amount of public scrutiny. Does any member of the panel, as a result of information which has been publicized in newspapers accounts or broadcast over news programs, or for any other reason, hold such negative or positive feelings about the IRS that it may prevent him or her from being fair minded in this matter?

3.      Is there any member of the panel who has been audited by the IRS, either an audit of your personal returns or of a business in which you are involved?

4.      Is there any member of the panel who personally believes or advocates that people do not have to pay federal income taxes and should refuse to pay such taxes?

5.      Has any member of the panel or any member of your immediate family or close friend/associate had a pleasant or unpleasant experience with any federal, state, or local government agency that would cause you to be biased against the government?

6.      Do any of you feel that it is wrong for you to sit in judgment of another person? In other words, do you feel that you could not sit in judgment of these facts and vote to return a verdict of guilty regardless of the proof in the case?

7. Do you understand that in federal courts, punishment, if any, is imposed by the Court and that your verdict must in no way be affected by your concern for what punishment, if any, would be proper?

8. Do you understand that the duty of the United States is to prove guilty to the exclusion of reasonable doubt, but that it is not required to prove guilty beyond all doubt?

9. Do you understand that a defendant on trial is entitled to a presumption of innocence, but as with presumptions, it may be overcome by competent evidence?

VII. Proposed Jury Instructions

Attached and included with this Pretrial Memorandum are proposed jury instructions for use in this case.

Respectfully submitted,

CANDACE G. HILL
United States Attorney

/s/ Joshua Judd
Joshua Judd
Bryan Calhoun
Assistant United States Attorneys
510 West Broadway, 10th Floor
Louisville, Kentucky  40202
(502) 625-7064

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent by electronic transmission through the Court's ECF system on this 19th day of December, 2009, to counsel for defendant.